IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WISCONSIN

WESTERN DIVISION

JOSEPH SOULIER,                                    Case No.:

        Plaintiff,

v.                                                 Personal Injury Action (28 U.S.C. §1346(b))

UNITED STATES OF AMERICA,

        Defendant.

_____/

## COMPLAINT

Plaintiff, JOSEPH SOULIER, by and through his undersigned counsel, files this Complaint for damages against Defendant, UNITED STATES OF AMERICA, and alleges the following:

### I. JURISDICTION AND VENUE

1.        According to 25 U.S.C. 450f *et seq.,* any action against a native American tribe, tribal organization, contractor, or employee operating under a contract, grant agreement, or any other agreement or compact authorized by the Indian Self-Determination and Education Assistance Act (hereinafter "Act"), is an action against the United States.

2.        At all times relevant to this Complaint, Adam F. C. Leask (hereinafter "LEASK"), worked as a police officer for the Red Cliff of Lake Superior Chippewa Indian Tribe (hereinafter "INDIAN TRIBE") under contract, grant agreement, or other agreement or compact authorized by the Act.

3.        At all times relevant to this Complaint, LEASK, was acting within the course and scope of his employment under the Act for the INDIAN TRIBE.

1

4.        The Plaintiff's action against the United States for money damages arises under the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §2671-2680 (hereinafter "FTCA").

5.        The Plaintiff has complied with the pre-suit requirements for filing a lawsuit pursuant to the FTCA:

   a.   by presenting his administrative claim, pursuant to 28 U.S.C. §2675(a), to the U.S. Department of Interior, Bureau of Indian Affairs (hereinafter "the Department") on August 25, 2020 (Attached hereto as Exhibit "A");

   b.   by waiting for six months for the Department to deny his claim;

   c.   because the Department has denied the Plaintiff's claim within six months of the date the Plaintiff submitted his claim (Attached hereto as Exhibit "B").

6.        Plaintiff's claims arose in Bayfield County, Wisconsin, making venue appropriate in the United States District Court for the Western District of Wisconsin, under 28 U.S.C. §1391.

## II. PARTIES

7.        At all times relevant to this Complaint, Plaintiff JOSEPH SOULIER ("Plaintiff") was an individual residing in the tribal land of the Red Cliff Band in the City of Bayfield, County of Bayfield, State of Wisconsin and was a citizen of the State of Wisconsin.

8.         At all times material hereto, Defendant UNITED STATES is the proper party in interest pursuant to 28 U.S.C §2679 as the tortfeasor, the Indian tribe and its employee, must be sued through an action brought directly against the UNITED STATES when the UNITED STATES has made a determination that the tortfeasor was in the course and scope of employment when the subject tort occurred.

## III. FIRST CAUSE OF ACTION

### (Automobile Negligence)

9.      Plaintiff realleges and incorporates by reference paragraphs 1 to 8.

10.     At all times relevant to this Complaint, RED CLIFF POLICE DEPARTMENT (hereinafter "RED CLIFF") was in possession of, owned and operated a 2014 Ford F-150 bearing VIN # 1FTFW1EF3EFC72283, in the tribal land of Red Cliff Band, in the City of Bayfield, County of Bayfield, State of Wisconsin.

11.     At all times relevant to this Complaint, LEASK was employed by RED CLIFF and was operating the aforementioned vehicle in the course and scope of his employment and/or agency with RED CLIFF.

12.     LEASK owed a duty to exercise reasonable care in the operation of RED CLIFF's vehicle.

13.     On or about September 17, 2018, Plaintiff was walking through a parking lot in the tribal land of the Red Cliff Band in the City of Bayfield, County of Bayfield, State of Wisconsin.

14.     On the aforementioned date, LEASK carelessly operated his vehicle while backing out of a parking spot and failed to see Plaintiff walking through same and struck him with the back of RED CLIFF's vehicle

15.     LEASK breached his duty of care owed to Plaintiff, by failing to maintain control of his vehicle, failing to maintain proper look out, failing to stop due to a pedestrian and further failing to operate said vehicle with due caution and reasonable care.

16.     As a direct and proximate cause of the incident described and failure of LEASK to use due care as more fully described in this complaint herein, Plaintiff was injured, incurred in the past and will incur in the future lost wages and medical expenses thereby entitling him to economic damages in an amount to be proved at trial.

17.     As a further proximate cause of the incident and wrongful conduct described in this complaint herein, Plaintiff was injured in the past and into the future wherein he sustained emotional distress, pain and suffering, inconvenience and other non-economic damages all in an amount to be proved at trial.

WHEREFORE, Plaintiff seeks for an award judgment in his favor and against the UNITED STATES, as follows:

1.     For non-economic damages in an amount to be proved at the time of trial.

2.     For economic damages in an amount to be proved at the time of trial,

3.     For costs and disbursements incurred herein; and

4.     For such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ *James M. Loren*
James M. Loren, Esq.
jloren@goldbergloren.com
Goldberg & Loren, P.A.
1776 North Pine Island Road, Suite 224
Plantation, Florida, 33322
Attorney for Plaintiff
Phone: (800) 719-1617